UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

ERIC WILSON,

        Petitioner,               Case No. 1:24-cv-1237

v.                                    Honorable Robert J. Jonker

DALE BONN,

        Respondent.
_____/

## OPINION

Petitioner Eric Wilson commenced this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1.) This matter is presently before the Court on Petitioner's motion to stay these proceedings and hold them in abeyance so that he can return to state court and file another motion for relief from judgment pursuant to Michigan Court Rule 6.502 in order to exhaust two additional grounds for relief that Petitioner seeks to raise in his § 2254 petition. (ECF No. 9.) For the reasons stated below, the Court will grant Petitioner's motion.

Petitioner Eric Wilson is incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan. Following a jury trial in the Genesee County Circuit Court, Petitioner was convicted of second-degree murder, in violation of Mich. Comp. Laws § 750.317; discharge of a firearm in a building causing death, in violation of Mich. Comp. Laws § 750.234b(5); carrying a concealed weapon (CCW), in violation of Mich. Comp. Laws § 750.227; and possession of a firearm during the commission of a felony (felony-firearm), in violation of Mich. Comp. Laws § 750.227b. On April 12, 2019, the trial court sentenced Petitioner as follows: 24 to 40 years for the second-degree murder conviction,

15 to 30 years for the discharge of a firearm conviction, 3 years 4 months to 5 years for the CCW conviction, and a consecutive sentence of 2 years for the felony-firearm conviction.[1]

On November 20, 2024, Petitioner filed his habeas corpus petition. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner placed his petition in the prison mailing system on November 18, 2024. (§ 2254 Pet., ECF No. 1, PageID.11.) The petition raises four grounds for relief, as follows:

> I. The trial court and appellate court violated Petitioner's Sixth Amendment right to a fair and impartial jury where the court failed to remove a jury member who had extraneous information regarding Petitioner that tainted the entire jury.
>
> II. Petitioner's Sixth Amendment right to effective assistance of counsel of both trial and appellate counsel where trial counsel failed to investigate and/or request a mistrial and appellate counsel failed to conduct a meaningful review.
>
> III. Petitioner's due process right of fundamental fairness was violated where data was not available to show a pattern of disparity in the number of African-American[]s in Genesee County jury arrays.
>
> IV. Petitioner's due process rights were violated [when] defense counsel failed to investigate or objection where [a] prosecution's witness admitted tampering with or fabricating physical evidence with intent to mislead the investigation because the decease[d] was his cousin.

(*Id.*, PageID.4–8.) Petitioner indicates that he raised these grounds either on direct appeal or in his Rule 6.502 motion. (*Id.*, PageID.2–3.) Furthermore, as set forth above, Petitioner seeks to return to state court to file a successive Rule 6.502 motion for relief from judgment to assert the following grounds for relief: (1) trial counsel was ineffective for failing to request a jury instruction regarding

---

[1] The MDOC's Offender Tracking Information System (OTIS) reflects that Petitioner has completed his CCW sentence. *See* https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=717304 (last visited Jan. 27, 2025).

2

the lesser-included offense of voluntary manslaughter, and appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness on direct appeal; and (2) the trial court abused its discretion by "denying the juror that requested on instructions of the lesser[-]included offense other than second degree murder." (ECF No. 9, PageID.156.)

Habeas petitions by state prisoners are subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration

3

of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed the judgment of conviction to the Michigan Court of Appeals and the Michigan Supreme Court.

The Michigan Supreme Court denied Petitioner's application for leave to appeal on November 2, 2021. *See People v. Wilson*, 965 N.W.2d 519 (Mich. 2021). Petitioner did not petition the United States Supreme Court for a writ of certiorari, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on January 31, 2022. Accordingly, absent tolling, Petitioner had one year from that date,[2] until January 31, 2023, to file his habeas petition. Petitioner filed the instant petition on November 18, 2024, a few months shy of two years after expiration of the limitations period.

However, the running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a petitioner petitions for writ of certiorari in the United States Supreme Court. *Id.* at 332.

Petitioner represents that he filed a motion for relief from judgment pursuant to Rule 6.502 on June 10, 2022. (§ 2254 Pet., ECF No. 1, PageID.3.) Because Petitioner filed that motion while the AEDPA limitations period was running, he is entitled to tolling from June 10, 2022, until

---

[2] The Sixth Circuit recently confirmed that the one-year period of limitation runs to and includes the anniversary of the finality date. *See Moss v. Miniard*, 62 F.4th 1002, 1009–10 (6th Cir. 2023).

February 2, 2024, when the Michigan Supreme Court denied Petitioner's application for leave to appeal. (ECF No. 1-4, PageID.34.) The limitations period then began to run again on February 3, 2024. Based on the events Petitioner has disclosed in the petition, the limitations period ran until November 18, 2024, when Petitioner filed his § 2254 petition. A petition filed on that date would be untimely.

The publicly available trial court docket for Petitioner's criminal case, however, indicates that Petitioner filed another motion for relief from judgment on September 5, 2024,[3] before the period of limitations expired. If that motion qualifies as a "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment," 28 U.S.C. § 2244(d)(2), then the period of limitations was tolled again on September 5, 2024, and remains tolled because the time for Petitioner to timely appeal the denial of that motion and a subsequent motion for reconsideration has not run. In other words, the application is still pending.

Thus, the petition might be timely or it might not be timely. The Court does not presently have sufficient information to resolve that issue. To protect Petitioner's rights to the greatest extent possible, the Court will proceed as if the petition was timely filed without deciding the issue.

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a

---

[3] *See* Case Details, *State of Michigan v. Eric Wilson*, No. 2018-0000042749-FC (Genesee Cnty. Cir. Ct.), https://micourt.courts.michigan.gov/case-search/court/C07 (enter Last Name "Wilson," First Name "Eric," select Search; select Case ID No. 2018-0000042749-FC; select Events; last visited January 30, 2025).

5

petitioner's constitutional claim. *O'Sullivan*, 526 U.S. at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275–77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen v. Perini*, 424 F.2d 134, 138–39 (6th Cir. 1970).

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). As set forth above, Petitioner acknowledges that he has exhausted the four grounds for relief set forth in his § 2254 petition. (§ 2254 Pet., ECF No. 1, PageID.2–3.) Petitioner acknowledges that he has not exhausted the two grounds for relief set forth in his motion to stay, but that he intends to do so by filing a successive motion for relief from judgment pursuant to Rule 6.502.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Generally, under Michigan law, only one such motion for relief from judgment under Mich. Ct. R. 6.500 *et seq.* may be filed after August 1, 1995. *See* Mich. Ct. R. 6.502(G)(1). Petitioner acknowledges that he has already filed such a motion. However, the Michigan Court Rules allow for a petitioner to file a successive motion for relief from judgment in limited circumstances. *See id.* 6.502(G)(2). It appears that Petitioner intends to rely upon that provision to file a successive motion for relief

6

from judgment and attempt to exhaust the two grounds for relief he sets forth in his motion to stay. If Petitioner's motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *O'Sullivan*, 526 U.S. at 845; *Hafley*, 902 F.2d at 483 ("[P]etitioner cannot be deemed to have exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c) as to any issue, unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court." (citation omitted)).

Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss petitions including unexhausted claims without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition.

To avoid that harsh result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to petitions that include unexhausted claims. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002). That is the relief Petitioner seeks.

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 781; *see also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*). If Petitioner's second motion for relief from judgement tolled the period of limitation, when Petitioner commenced this action, he had less than 60 days remaining before the statute of limitations would expire. Petitioner therefore would not have the necessary 30 days to file a motion for post-conviction relief or the additional 30 days to return to this Court before expiration of the statute of limitations. As a result, were the Court to dismiss the petition without prejudice for lack of exhaustion, the dismissal could jeopardize the timeliness of any subsequent petition. *Palmer*, 276 F.3d at 781.

In light of the foregoing, the Court will grant Petitioner's motion to stay these proceedings and hold them in abeyance. Petitioner shall, within 30 days of the date of this opinion and the accompanying order, file his motion for relief from judgment in the Genesee County Circuit Court or a motion to lift the stay in this Court indicating that he intends to proceed with only the exhausted habeas grounds in his present petition. This action will be stayed, and held in abeyance, until Petitioner either (a) files a motion to amend his petition to include any subsequently exhausted claims—such motion must be filed not later than 30 days after a final decision by the Michigan Supreme Court on Petitioner's unexhausted claims and shall include a description of the newly exhausted claims and the dates and substance of the decision at each step of state-court review; or (b) files a motion to lift the stay, within 30 days of the date of this opinion and accompanying order, indicating that he intends to proceed with the exhausted claims in his present petition. If

Petitioner fails to comply with the deadlines imposed in this order, the Court may dismiss the petition.

      The Court makes no determination at this time as to the timeliness of the four grounds for relief Petitioner has set forth in his § 2254 petition or the two grounds for relief that he has identified as unexhausted in his motion to stay. The Court will order this action to be administratively closed until such time as Petitioner files a motion to amend his petition or a motion to lift the stay in accordance with the procedures set forth above.

Dated:  February 5, 2025              /s/ Robert J. Jonker
                                                                    Robert J. Jonker
                                                                    United States District Judge